## Carney v. Brillson

*Neil Jokelson,* for plaintiff.
*James P. Bradley,* for defendant.

MARSHALL, J., January 8, 1975—On October 3, 1974, plaintiff sent her interrogatories to defendant. On or about November 12, 1974, defendant filed an incomplete set of answers to interrogatories with the prothonotary, excepting to interrogatories 14, 15, 28-30, 37, 38, 40 and 46.

On November 27, 1974, counsel for defendant sent a letter to counsel for plaintiff supplying the answers to interrogatories 15, 28, 29, 37, 38 and 40. The only interrogatories in issue at this time, therefore, are numbers 14, 30 and 46.

Plaintiff argues that defendant's failure to object to the interrogatories within ten days constituted a waiver of all objections under Pennsylvania Rule of Civil Procedure 4005(b), and that, in any case, the objections defendant did make were defective in that they were not specific. Plaintiff urges that the court order plaintiff to answer the unanswered interrogatories within ten days or be precluded from entering a defense to plaintiff's claim.

Defendant argues that Rule 4005(b) is permissive, not mandatory, and that failure to file objections within ten days, therefore, does not operate as a

waiver. Defendant further argues that, even if objections were filed too late, the court has discretion to take cognizance of them if no prejudice has resulted from the lateness.

Rule 4005(b) states that "within ten (10) days after service of interrogatories a party may file and serve written objections thereto." Filing of said objections is permissive and not mandatory. Failure to file within ten days clearly does not operate as a waiver of said objections if they are based on Rules 4007 and 4011, since there is provision for raising them in a "motion" for a protective order under Rule 4012. While failure to file within ten days may operate as a waiver of technical objections to the form of the interrogatories, it cannot be deemed a waiver of objections to the interrogatories themselves when these objections go to the relevance and the onerousness of the interrogatories. A party may not be compelled on a technicality to answer that which he is specifically by law relieved of the burden of answering. See 4 Goodrich-Amram §4005(b)-2.

Therefore, defendant's objections to plaintiff's interrogatories were properly raised in the answers to those interrogatories. We turn to the question of whether the form in which they were raised was proper. Plaintiff asserts that defendant's objections were not specific and are, therefore, defective. Ruddy v. Pa. Gas & Water Co., 36 D. & C. 2d 705 (Luzerne Co., 1965), states that each objection to an interrogatory should clearly identify the specific provision of Rule 4011 alleged to be violated. However, even in that case, the court reached the merits of the objections in the interest of prompt justice on the ground that a motion could properly be filed for a protective order pursuant to Rule 4012, alleging violation of Rule 4011 even if the non-specific objections were summarily dismissed.

We thus reach the merits of defendant's Rules 4011 and 4007 claims. Interrogatory 14 seeks to discover defendant's version of the accident. Defendant claims that this is violative of Rule 4007(a) in that it will not substantially aid plaintiff in the preparation of her case for trial. While it is true that plaintiff was in a position to see what happened at the scene of the accident, she was not in a position to see what was happening inside of defendant's automobile at the time of the accident. Such information could substantially aid plaintiff in the preparation of her case for trial. Defendant's version of the accident is, therefore, discoverable. The means by which plaintiff seeks to discover it places no hardship or burden on defendant, and is appropriate, if not ideal. This court finds no Rule 4007(a) violation in such an interrogatory.

Interrogatory 30 seeks information as to what defendant observed plaintiff do immediately before and after the alleged occurrence. Defendant alleges that such information is nonhelpful to plaintiff in the preparation of her case for trial and irrelevant as it relates to events occurring subsequent to the accident. If this were so, the question would violate Rule 4007(a). However, plaintiff's actions immediately after the accident are certainly relevant to the question of damages, among others. This court, additionally, is unwilling to state as a matter of law that such information will not be substantially helpful to plaintiff in the preparation of her case. Such an interrogatory, therefore, does not violate Rule 4007(a).

Interrogatory 46 seeks information as to the existence and location of any reports or written or recorded statements in defendant's possession or in any way available to him concerning the accident. Defendant correctly alleges that any such reports or statements made or secured in anticipation of the present litiga-

tion are expressly nondiscoverable under Rule 4011(d). However, any reports or statements in defendant's possession or available to him which were *not* made in anticipation of this litigation or in preparation for trial are discoverable by plaintiff. Moreover, plaintiff may discover the names and whereabouts of those who gave statements to the defendant, as specifically provided for under Pennsylvania Rule of Civil Procedure 4011(d).

## ORDER

And now, to wit, January 8, 1975, the court, upon consideration of plaintiff's motion for more specific answers, hereby orders and decrees that defendant shall answer plaintiff's interrogatories 14 and 30, and such part of interrogatory 46 as is consistent with Rule 4011(d) as interpreted by the memorandum of law attached hereto, within ten days of the date hereof.